THE STATE OF OHIO, APPELLEE, *v.* McKEE, APPELLANT.

[Cite as State v. McKee (1976), 50 Ohio App. 2d 313.]

(No. 1425—Decided November 17, 1976.)

Mr. *Keith A. Shearer*, prosecuting attorney, for appellee.

Mr. *Charles A. Kennedy*, for appellant.

MAHONEY, P. J. This is an appeal from a conviction for aggravated robbery resulting from a plea of guilty. We affirm.

The defendant, Loren Lee McKee, contends that in order to make a determination under Crim. R. 11(C)(2) that he voluntarily, knowingly and intelligently waived his rights, the trial court must inquire into the defendant's age,

education, personal background and other data.

We disagree. Such an inquiry is not mandated by Crim. R. 11(C)(2). The determination that there has been an intelligent voluntary waiver with understanding of rights is a subjective procedure. It can be accomplished by short direct inquiry, investigation or lengthy interrogation. Each determination must be made on an *ad hoc* basis. The depth and breadth of the interrogation depends upon the totality of circumstances surrounding each case.

The transcript here reveals that the trial judge made ample inquiry to determine that there was a constitutionally proper waiver of rights. He scrupulously adhered to the requirements of Crim. R. 11(C)(2).

*Judgment affirmed.*

HUNSICKER and HARVEY, JJ., concur.

HUNSICKER, J., retired, and HARVEY, J., of the Court of Common Pleas of Summit County, retired, were assigned to active duty under authority of Section 6(C), Article IV, Constitution, in the Ninth Appellate District.