[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Sun Yo Washington was charged with two counts of promoting prostitution. On March 4, 1999, Washington pleaded guilty to the second count.[1] The trial court accepted Washington's plea, and she was subsequently sentenced. Washington appeals her conviction, bringing forth two assignments of error.
In her first assignment of error, Washington contends that she did not enter her plea of guilty knowingly or voluntarily. Basically, Washington claims that, because of her educational background and ethnicity, she could not have entered the plea knowingly, and that she did not understand the nature of the charge. Washington also maintains that, because she maintained her innocence in the presentence-investigation report, the trial court should have engaged in a more thorough inquiry into her understanding of the effect of her plea of guilty.
Crim.R. 11 does not require a court to determine the defendant's age, education, or personal background;[2] rather, the court is required to determine whether the defendant understands the effect of her guilty plea. As a result, where constitutionally mandated rights are at stake, the trial court must explain the defendant's rights in a manner reasonably intelligible to her.[3]
Having reviewed the record, we conclude that Washington's lack of education and her ethnicity did not compromise her guilty plea in any way. The trial court engaged in a colloquy in which it ascertained that Washington understood the charges and the maximum penalty. During the colloquy, Washington was informed of her constitutional rights pursuant to Crim.R. 11. Further, Washington reviewed and signed the entry pleading guilty to count two, which outlined her guilt and the penalty to be imposed, and her attorney explained the entry to her. Because the record indicates that Washington was meaningfully informed of and understood her rights under Crim.R.11(C)(2), we overrule the first assignment of error.
Washington alleges, in her second assignment of error, that she was denied her constitutional right to effective assistance of counsel. When a defendant enters a plea of guilty as a part of a plea bargain, she waives all appealable errors unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea.[4] After reviewing the record, we cannot conclude that Washington's plea was compromised by her counsel's conduct. Because we have held that Washington's plea was knowing and voluntary, we conclude that trial counsel's performance was not deficient, and we overrule her second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
SUNDERMANN, P.J., WINKLER and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on January 26, 2000 per order of the Court _______________________________.
Presiding Judge
[1] Count one was dismissed after Washington pleaded guilty to count two.
[2] See State v. McKee (1976), 50 Ohio App.2d 313,362 N.E.2d 1252, syllabus.
[3] See State v. Ballard (1981), 66 Ohio St.2d 473,423 N.E.2d 115, syllabus.
[4] See State v. Kelly (1991), 57 Ohio St.3d 127,566 N.E.2d 658, paragraph two of the syllabus.