The STATE of Ohio, Appellee,

v.

BENNETT, Appellant.

[Cite as *State v. Bennett*, 192 Ohio App.3d 608, 2011-Ohio-961.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2010CA0033.

Decided March 4, 2011.

610

Stephen K. Haller, Greene County Prosecuting Attorney, and Stephanie R. Hayden, Assistant Prosecuting Attorney, for appellee.

Jon Paul Rion, for appellant.

_____

GRADY, Presiding Judge.

{¶ 1} Defendant, Adam Bennett, appeals from his conviction and sentence for illegal use of a minor in nudity-oriented material.

{¶ 2} After police executed a search warrant at defendant's Beavercreek residence and seized his computer, defendant was indicted on six counts involving the illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), felonies of the fifth degree. Defendant entered a guilty plea to all six charges, pursuant to a negotiated plea agreement. In exchange, the state agreed to recommend community control.

{¶ 3} Three weeks after entering his guilty pleas, and prior to being sentenced, defendant retained new counsel and filed a Crim.R. 32 motion to withdraw his guilty pleas. Defendant claimed that when he entered his guilty pleas he was unaware that he had an available defense, which is that the search-warrant affidavit was defective and lacking in probable cause. No motion to suppress evidence on those grounds had been filed.

{¶ 4} The trial court overruled defendant's motion to withdraw his guilty pleas, following a hearing. The court concluded that the search warrant would not have been found invalid and the evidence suppressed had a motion to suppress been filed, and therefore defendant failed to demonstrate a reasonable and legitimate basis to withdraw his guilty pleas. The trial court sentenced defendant to five years of community-control sanctions, which included sex-offender treatment and 30 days in jail, and classified him as a Tier I sex offender.

{¶ 5} Defendant timely appealed to this court, challenging only the trial court's decision denying his motion to withdraw his guilty pleas.

ASSIGNMENT OF ERROR

{¶ 6} "The trial court abused its discretion in denying appellant's motion to vacate his plea."

{¶ 7} Defendant argues that the trial court abused its discretion in denying his request to withdraw his guilty pleas. Defendant asserts that at the time he entered his guilty pleas, he was not aware that he had an available defense—that the affidavit submitted in support of the search warrant was defective and lacked probable cause. Defendant additionally claims that he did not understand the nature of the charges against him and that he felt "rushed." Therefore, he alleges, his pleas were not entered knowingly, intelligently, and voluntarily.

{¶ 8} In *State v. Donaldson*, Greene App. No. 06CA110, 2007-Ohio-5756, 2007 WL 3121802, at ¶ 6–7, this court stated:

{¶ 9} "A defendant's motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal. *State v. Xie* (1992), 62 Ohio St.3d 521 [584 N.E.2d 715]. However, a defendant does not have an absolute right to withdraw his plea prior to sentencing. *Id.* A trial court must hold a hearing on the motion to determine if a reasonable and legitimate basis exists for the withdrawal. *Id.* The decision whether to grant or deny a presentence request to withdraw a guilty plea is a matter resting within the trial court's sound discretion. *Id.* Such decisions will not be disturbed on appeal absent a showing that the trial court abused its discretion; that is, acted in an unreasonable, arbitrary, unconscionable manner. Id.

{¶ 10} "No abuse of discretion in denying a pre-sentence motion to withdraw a guilty plea is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim* (1980), 68 Ohio App.2d 211 [428 N.E.2d 863]. A 'change of heart' is not sufficient justification to permit withdrawal of a guilty plea. *State v. Lambrose* [*Lambros*] (1988), 44 Ohio App.3d 102, 541 N.E.2d 632; *State v. Landis* (Dec. 6, 1995), Montgomery App. No. 15099 [1995 WL 722990]."

{¶ 11} In order to be constitutionally valid and comport with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Compliance with Crim.R. 11(C)(2) in accepting guilty or no-contest pleas portrays those qualities.

{¶ 12} "The determination that there has been an intelligent voluntary waiver with understanding of rights is a subjective procedure. It can be accomplished by short direct inquiry, investigation or lengthy interrogation. Each determination must be made on an ad hoc basis. The depth and breadth of the interrogation depends upon the totality of circumstances surrounding each case." *State v. McKee* (1976), 50 Ohio App.2d, 313, 314, 4 O.O.3d 268, 362 N.E.2d 1252.

{¶ 13} Our review of defendant's plea hearing reveals that defendant was represented by an experienced criminal defense attorney. Furthermore, defendant was afforded a thorough hearing prior to entering his guilty pleas, and at the hearing, the trial court meticulously complied with all the requirements in Crim.R. 11(C)(2) and advised defendant of the constitutional rights he was giving up by pleading guilty, as well as the nonconstitutional implications of his plea.

{¶ 14} Despite defendant's claim to the contrary, this record affirmatively demonstrates that defendant acknowledged in open court that he had discussed the nature of the charges with his counsel and understood what those charges accused him of doing, as well as the maximum penalty involved. Defendant further acknowledged that he reviewed the evidence the state had provided in discovery as the basis for these charges.

{¶ 15} During the plea colloquy, defendant stated, "I feel like I have to hurry and make a decision." This exchange then occurred:

{¶ 16} "THE COURT: Well, do you want some more time to talk to your lawyer about this before we go forward? We can take a break right now and I will reconvene when you've had a chance to talk to your lawyer and decide how you want to proceed.

{¶ 17} "THE DEFENDANT: No, I'm fine.

{¶ 18} "THE COURT: Okay. I mean—when I say the word rushed, I mean, I want to make sure that you understand what your options are, make sure you have considered all of your options, and having considered all of that and had the opportunity to talk it over with your attorney, that this is the course of action you've chosen to take. That's what I mean by being rushed. You've had the opportunity to check all the options you have available, that you have considered each option, the pros and cons, and you feel that this is the best way to proceed at this point?

{¶ 19} "THE DEFENDANT: Yes.

{¶ 20} "THE COURT: Do you feel comfortable answering in the affirmative to that question?

{¶ 21} "THE DEFENDANT: Yes.

{¶ 22} "THE COURT: Has anyone indicated to you you have no choice but to plead guilty?

{¶ 23} "THE DEFENDANT: No.

{¶ 24} " * * *

{¶ 25} "THE COURT: Has anyone caused you to feel pressured, coerced, compelled, manipulated or frightened in making this decision?

{¶ 26} "THE DEFENDANT: No.

{¶ 27} "THE COURT: In any way?

{¶ 28} "THE DEFENDANT: No.

{¶ 29} "THE COURT: Okay. Now, based upon what you told me, your decision to come here today to change your plea, can I conclude that your

decision is a decision you are making on your own; that you are making your decision as a free choice from more than one choice, the right to go to trial; that you are doing so without any improper influence or duress from any one or any source; and that you are doing this voluntarily as you understand that word to mean?

{¶ 30} "THE DEFENDANT: Yes."

{¶ 31} This record amply demonstrates that defendant's guilty pleas were entered knowingly, intelligently, and voluntarily. Nevertheless, defendant claims that at the time he entered his guilty pleas, he was not aware, and had not been informed by his defense counsel, that he had an available defense to the charges, that being that the affidavit submitted in support of the search warrant police relied upon when they searched his home and his seized computer, which led to these charges, was deficient because it failed to establish probable cause for the search. We note that at the plea hearing, defendant admitted that he and his counsel had discussed the possible legal defenses, if any, that apply in this case. Accordingly, defendant's claim that he was not advised of any potential legal defenses is belied by his own admission at the plea hearing.

{¶ 32} In *State v. Hale,* Montgomery App. No. 23582, 2010-Ohio-2389, 2010 WL 2160873, at ¶ 16–18, we observed:

{¶ 33} " 'In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." ' *State v. George* [ (1989) ], 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus, following and quoting from *Illinois v. Gates* (1983), 462 U.S. 213, 238–239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527.

{¶ 34} "In *George,* the Ohio Supreme Court also outlined restrictions on review of probable cause determinations, stating that:

{¶ 35} " 'In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's

determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.' 45 Ohio St.3d 325, 544 N.E.2d 640, at paragraph two of the syllabus (citation omitted)."

{¶ 36} We have recognized in previous cases that images of child pornography are likely to be hoarded by persons interested in those materials, to be viewed in the privacy of their own homes, and that because of their illegality and the severe social stigma the possession of such images carries, collectors will want to secrete them in secure places, like a private residence, and that pedophiles, child molesters, and child-pornography collectors tend to maintain their materials for significant periods of time. *State v. Marler*, Clark App. No. 2007 CA 8, 2009-Ohio-2423, 2009 WL 1448972, at ¶ 40.

{¶ 37} Defendant argues that the warrant affidavit is defective because it fails to demonstrate a nexus between the property to be seized, downloaded computer images of child pornography, and the place to be searched, defendant's residence on King Edward Way in Beavercreek, Ohio. In other words, he claims that the affidavit lacks probable cause because it fails to demonstrate a fair probability that child pornography would be found in his home.

{¶ 38} Defendant relies upon *State v. O'Connor*, Butler App. No. CA2001–08–195, 2002-Ohio-4122, 2002 WL 1832865. In that case, the computer at issue that contained downloaded images of child pornography was being repaired at the private residence of the repairman. The person repairing the computer alerted authorities to the computer's contents. Police then obtained a search warrant and seized the computer from the home of the repairman. Subsequently, police obtained another search warrant to search the defendant's residence for additional evidence relating to child pornography. The court of appeals found that that warrant was not supported by probable cause, but ultimately found that the evidence was admissible under the good-faith exception, *George*, 45 Ohio St.3d 325, 544 N.E.2d 640; *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, noting the obvious connection between the place to be searched, the defendant's residence, and the items to be seized, child pornography. Id. at ¶ 19.

{¶ 39} The search-warrant affidavit in this case states that the affiant is a senior special agent with the Ohio Bureau of Criminal Identification and Investigation ("BCI") and a certified forensic computer examiner assigned to the BCI computer-crime unit. On January 30, 2009, BCI conducted an undercover investigation to identify persons who download or share files containing child pornography, utilizing a file-sharing program. File sharing is driven by typing a keyword relating to the topic the user is requesting. BCI agents type in keywords that would be likely to solicit files containing child pornography. The search produces file names and the users hosting those file names. BCI

examines the files and determines the Internet Protocol ("IP") address of the user and then downloads the files as evidence.

{¶ 40} The BCI search in this case produced files associated with the user IP address 68.74.220.231. A subpoena was issued to AT & T Internet Services, the provider of that IP address, for account information, which came back to defendant, at 2935 Vista View Drive, Apartment 12, Beavercreek, Ohio. Detective Mark Brown confirmed that defendant resided at 2935 Vista View Drive, Apartment 12, Beavercreek, Ohio, but had since moved to 3647 King Edward Way, Beavercreek, Ohio.

{¶ 41} The totality of these facts and circumstances demonstrate that defendant moved from an address that was associated with an IP address that was associated with child pornography, to the address/place where the search in this case occurred. As the court in O'Connor noted, the very nature of the evidence police were searching for, child pornography, allowed the magistrate to draw a reasonable inference that child pornography would likely be found in defendant's residence, because defendant needed a secure place to keep such material. Id. at ¶ 19.

{¶ 42} There was in this case a nexus between the property to be seized, downloaded images of child pornography, and the place to be searched, defendant's current residence at 3647 King Edward Way in Beavercreek, and therefore a "fair probability" that child pornography would be found in defendant's King Edward Way residence. An absolute certainty that the material would be at defendant's residence is not required. George, 45 Ohio St.3d 325, 544 N.E.2d 640. Because the search warrant that produced the evidence that defendant moved to suppress is supported by probable cause, we need not determine whether the good-faith exception applies.

{¶ 43} This record demonstrates that defendant was afforded a complete and impartial hearing on his motion to withdraw his guilty pleas. The trial court gave full and fair consideration to that plea-withdrawal request, but rejected it because defendant failed to demonstrate that he has a defense to the charges and a reasonable and legitimate basis for wanting to withdraw his pleas. Under those circumstances, the trial court did not abuse its discretion in denying defendant's request to withdraw his guilty pleas.

{¶ 44} Defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

FAIN and FROELICH, JJ., concur.