[Cite as *State v. Howard*, 2016-Ohio-426.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-418 |
| | : | |
| DERON HOWARD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of February, 2016.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

RICHARD KAPLAN, Atty. Reg. No. 0029406, P.O. Box 751192, Dayton, Ohio 45475
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

    **{¶ 1}** Defendant-appellant, Deron Howard, appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to one count of breaking and entering.

Howard contends that his guilty plea is invalid because the trial court failed to properly advise him of his right to a jury trial as required by Crim.R. 11(C)(2)(c). He also claims that his plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to inquire about his ability to read and write. For the reasons outlined below, we conclude that the trial court sufficiently explained Howard's rights during his plea hearing and that his plea was knowing, intelligent, and voluntary. Therefore, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2} On June 23, 2014, the Clark County Grand Jury returned an indictment charging Howard with one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree. Although Howard initially pled not guilty to the charge, on December 9, 2014, he appeared in court and pled guilty pursuant to a plea agreement. In exchange for Howard's guilty plea, the State agreed to recommend a nine-month prison term. The State also agreed not to seek more than a 27-month prison term for two separate charges of burglary pending against Howard in Case No. 2014-CR-668.

{¶ 3} At the plea hearing, the trial court determined that Howard had signed the written plea agreement, reviewed the plea agreement with his attorney, and understood everything in the agreement, which was filed with the court on December 10, 2014. The trial court also engaged in a plea colloquy with Howard, part of which included the following discussion:

THE COURT: Do you understand that you do have the right to a trial in this case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: At that trial you would have several rights. You would have the right to require the State to prove beyond a reasonable doubt each and every element of the offense to which you're pleading guilty, and you could only be convicted upon the unanimous verdict of a jury. You would have the right to confront witness who testify against you, and your attorney could cross-examine those witnesses. You would have the right to use the Court's subpoena power to compel the attendance of witnesses on your behalf, and you would also have the right to testify, but you could not be forced to do so. Do you understand all of those rights?

THE DEFENDANT: Yes, Your Honor.

Trans. of Plea Hearing and Disposition (Dec. 9, 2014), p. 11.

{¶ 4} Following the plea colloquy, the trial court found that Howard had knowingly, intelligently, and voluntarily waived his constitutional rights and entered a plea of guilty. Based on Howard's plea, the trial court found him guilty as charged and sentenced him to the agreed upon prison term of nine months. Howard now appeals from his conviction, raising one assignment of error for review.

## Assignment of Error

{¶ 5} Howard's sole assignment of error is as follows:

THE TRIAL COURT COMMITTED CONSTITUTIONAL ERROR TO THE PREJUDICE OF MR. HOWARD WHEN IT FAILED TO PROPERLY ADVISE HIM OF HIS CONSTITUTIONAL RIGHTS AND FOUND THAT HE KNOWINGLY[,] VOLUNTARILY AND INTELLIGENTLY WAIVED HIS CONSTITUTIONAL RIGHTS AS SET FORTH IN CRIMINAL RULE 11.

{¶ 6} Under his single assignment of error, Howard contends that his guilty plea is invalid because the trial court did not strictly comply with the requirements of Crim.R.11(C)(2)(c).  In support of this claim, Howard argues that the trial court did not properly advise him of his right to a jury trial, because during the plea colloquy, the court informed him that he had the right to a "trial" as opposed to a "jury trial."   Howard also claims that his plea was not knowingly, intelligently, and voluntarily entered because the trial court did not inquire about his ability to read and write at the plea hearing.   We find no merit to either of Howard's claims.

1. Right to Jury Trial

{¶ 7} As noted above, Howard claims that the trial court failed to properly inform him of his right to a jury trial as required by Crim.R. 11(C)(2)(c).   "Crim.R. 11(C)(2)(c) requires that the defendant be advised of the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt."   *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 62, ¶ 19.   A trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of these constitutional rights.   *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953

N.E.2d 826, ¶ 15, citing *Veney* at ¶ 18. "A guilty plea is constitutionally infirm when the defendant is not informed in a reasonable manner that his plea waives those rights." *State v. Eggers*, 2d Dist. Clark No. 2011-CA-48, 2013-Ohio-3174, ¶ 11, citing *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981).

{¶ 8} "Failure to use the exact language contained in Crim.R. 11(C), in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial, including the right to trial by jury, is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant." (Citation omitted.) *Ballard* at paragraph two of the syllabus. Therefore, the Supreme Court of Ohio has "recognized that a trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *Veney* at ¶ 27. Moreover, "an alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea, in determining whether the defendant was fully informed of the right in question." *Barker* at ¶ 25.

{¶ 9} In *Ballard*, the Supreme Court upheld an appellant's guilty plea even though the court failed to specifically mention the right to a jury trial by name, but rather informed the appellant that "neither judge nor jury could draw any inference if the appellant refused to testify" and then stated that appellant "was entitled to a fair and impartial trial under law." *Ballard* at 481. The Supreme Court concluded that, taken together, these advisements were sufficient to inform the appellant of his right to a jury trial. *Id.*

{¶ 10} Similarly, in *State v. Courtney*, 2d Dist. Clark No. 2013-CA-73, 2014-Ohio-

1659, this court held that a trial court sufficiently explained the defendant's right to a jury trial during its plea colloquy when it stated that the defendant had "the right to a trial" and explained that: "At that trial you would have the right to require the State to prove beyond a reasonable doubt each and every element of the offense to which you are pleading guilty, and you could only be convicted *upon the unanimous verdict of a jury*." (Emphasis sic.) *Id*. at ¶ 9. In so holding, we explained that "an average person of Courtney's age and intelligence would know that a trial requiring a 'unanimous verdict of a jury' to convict necessitates a jury trial[.]" *Id*. *Accord State v. Smiddy*, 2d Dist. Clark No. 2014-CA-148, 2015-Ohio-4200.

{¶ 11} In this case, Howard is challenging his plea on the same grounds as the defendant in *Courtney* under nearly identical circumstances*.* Like *Courtney*, Howard claims the trial court did not properly advise him of his right to a jury trial because the court only stated that he had the right to a "trial" as opposed to a "jury trial." However, as in *Courtney*, the trial court also stated that Howard "could only be convicted upon the unanimous verdict of a jury." We find that these statements reasonably explained Howard's right to a jury trial in a manner that Howard could understand. Howard was 30 years old at the time of the plea and there is no indication in the record that he lacked the intelligence to understand the court's explanation. Therefore, in following our holding in *Courtney*, we find that the trial court's plea colloquy conveyed the requisite information regarding Howard's right to a jury trial.

{¶ 12} Regardless, even if the court's explanation was ambiguous, which it is not, the written plea form signed by Howard specifically referenced his right to a jury trial. Specifically, the written plea form states: "I understand by pleading guilty I give up my

right to a jury trial * * *." Plea Agreement (Dec. 10, 2014), Clark County Court of Common Pleas Case No. 2014-CR-418, Docket No. 17, p. 3. Howard advised the trial court that he reviewed the plea form with his attorney and that he understood everything contained therein. Accordingly, the record reveals that Howard was fully informed of his right to a jury trial.

{¶ 13} For the foregoing reasons, we conclude that the trial court strictly complied with Crim.R. 11(C)(2)(c) when it advised Howard of his right to a jury trial. Therefore, Howard's claim to the contrary is overruled.

### 2. Ability to Read and Write

{¶ 14} Howard also contends that he did not knowingly, intelligently, and voluntarily plead guilty because the trial court did not inquire about his ability to read and write at the plea hearing. "By following [Crim.R.11(C)], a court ensures that the plea is knowing, intelligent, and voluntary." *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12, citing *State v. Redavide*, 2d Dist. Montgomery No. 26070, 2015-Ohio-3056, ¶ 12. In addition to the constitutional rights previously discussed, Crim.R. 11(C) provides that, before accepting a guilty or no-contest plea, a court must determine that the defendant understands certain nonconstitutional rights, including "the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions," Crim.R. 11(C)(2)(a), and "the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence," Crim.R. 11(C)(2)(b).

{¶ 15} "Crim.R. 11 does not require the courts to determine the defendant's

individual background, reading skills, or writing skills." *State v. Pardon*, 10th Dist. Franklin No. 96APA08-1118, 1997 WL 170295, *1 (Apr. 10, 1997), citing *State v. McKee*, 50 Ohio App.2d 313, 362 N.E.2d 1252 (9th Dist.1976). In fact, "a person need not be able to read to enter a plea." *State v. Beach*, 7th Dist. Mahoning No. 03 MA 2, 2003-Ohio-6546, ¶ 13, citing *Pardon* and *McKee*. Nevertheless, "[a] trial court has the duty to ensure a defendant understands the plea whether or not his mental acumen is questionable." *Id.*

{¶ 16} In this case, the trial court satisfied the requirements of Crim.R. 11(C) through the plea colloquy and the written plea form. Howard indicated on the record that he understood everything the trial court said during the plea colloquy. He also signed and reviewed the written plea form with his attorney and advised the trial court that he understood the contents of the plea form, which included the necessary Crim.R. 11(C) information. Therefore, the fact that the trial court did not inquire about Howard's reading and writing ability is of no consequence since that is not a requirement under Crim.R.11(C). Accordingly, the record supports the trial court's finding that Howard's plea was knowing, intelligent, and voluntary; therefore, Howard's claim to the contrary is overruled.

## Conclusion

{¶ 17} Howard's sole assignment of error is overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FAIN, J. and HALL, J., concur.


Copies mailed to:

Ryan A. Saunders
Richard Kaplan
Hon. Douglas M. Rastatter