[Cite as *State v. Voegeli*, 2021-Ohio-3887.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2021CA00025 |
| | : | |
| WILLOA VOEGELI | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Stark County Court of
                                 Common Pleas, Case No. 2019CR0221

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          October 29, 2021

APPEARANCES:

For Plaintiff-Appellee:                      For Defendant-Appellant:

KYLE L. STONE                                DONALD GALLICK
STARK CO. PROSECUTOR                         190 North Union Street #102
110 Central Plaza South Ste. 510             Akron, OH 44304
Canton, OH 44702-1413

*Delaney, J.*

{¶1} Appellant William Voegeli[1] appeals from the February 11, 2021 Judgment Entry of the Stark County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On January 22, 2019, appellant entered a Dollar General store in Plain Township, spoke to the manager, and walked around the store. Appellant then approached a store associate at a checkout register; he lifted his shirt and brandished a black handgun. The associate handed appellant the cash from the register. Appellant then told the associate he wanted the money "underneath" as well, and she lifted the cash drawer to show him there was no additional cash.

*Indictments and guilty pleas in multiple robbery cases*

{¶3} Appellant was charged by indictment with one count of aggravated robbery pursuant to R.C. 2911.01(A)(1), a felony of the first degree (the "Dollar General case").

{¶4} In a separate case, appellant is alleged to have robbed a Red Roof Inn on January 24, 2019. Appellant entered guilty pleas to two counts of robbery in that case, Stark County Court of Common Pleas case number 2019 CR 0300 (the "Red Roof Inn case").

{¶5} In the Dollar General case, on March 25, 2019, appellant appeared before the trial court to change his previously-entered plea of not guilty to one of guilty to one amended count of robbery pursuant to R.C. 2911.02(A)(1), a felony of the second degree. Appellant was sentenced to a prison term of six years to be served concurrently with a prison term in 2019 CR 0300, the Red Roof Inn case.

---

[1] Appellant's name is William Voegeli.  The case caption "Willoa Voegeli" is an error.

{¶6} On May 20, 2019, appellant filed a pro se notice of appeal in both cases. That appeal was ultimately dismissed for failure to file a fully completed docketing statement.

{¶7} Appellant pro se filed numerous motions for a payment plan for his fines and court costs in the Dollar General case; these motions were denied by the trial court.

{¶8} On September 5, 2019, appellant filed a motion for leave to filed a delayed appeal which was denied by this Court.

{¶9} On October 17, 2019, appellant filed another notice of appeal from the judgment entry of conviction and sentence.  This appeal was dismissed.

{¶10} On April 20, 2020, via counsel, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. Appellant sought a new trial in the Dollar General case and a new sentencing hearing in the Red Roof Inn case.

*Witness statements provided in support of appellant's post-conviction motions*

{¶11} Appellant also filed a document entitled "Exhibits Proffered under Seal,"[2] purporting to be 1) text messages to appellant's sister from a law enforcement officer regarding appellant's potential sentence in the Red Roof Inn case, and 2) "two witness statements asserting [appellant] did not commit the [Dollar General] robbery." The text messages indicate appellant's sister told the officer she set up drug treatment for appellant and the officer stated treatment sounded good and would hopefully limit prison time; the officer said he was happy to share that information with the prosecutor but the

---

[2] It is not evident from the record that the motion to place these exhibits under seal was granted. However, defense trial counsel stated in the motion that he sought to protect the law enforcement officer's private phone number and the witnesses' identities, therefore this information will not be revealed in this opinion.

officer could not speak to appellant directly. The officer advised the sister to work through appellant's attorney.

{¶12} The first witness statement is a handwritten document as follows:

I [John Doe] sold Steve Vince Gill a bb gun with a lazer on it a few months ago I believe he would rob something because he was strung out[.] (*sic* throughout).

/s/ [John Doe], 1-29-19.

{¶13} The second witness statement is a handwritten document as follows:

I [James Roe] was picked up around the first few days of February by Steve Gill to go grab more drugs. When we got to the guys house Steve started bragging to me about a robbery he committed at a dollar store in North Canton. He convinced Bill to take the blame while we were high on drugs. Steve was laughing an bragging how he robbed the store with a pellet gun. Steve was actually wearing Bills clothes while he committed the robbery. Steve gave Bill the clothes back an told him he was gonna take the blame or he would cause harm to Bills family. He actually took pictures of Bills kids to threaten him with. Steve picked up on 15th an Clark SW that night. (*sic* throughout).

/s/ [James Roe]

{¶14} Appellee filed a brief in opposition on January 19, 2021.

*Motion to Withdraw Guilty Plea and evidentiary hearing*

{¶15} On January 25, 2021, appellant filed a counseled Motion to Withdraw Guilty Plea pursuant to Crim.R. 32.1 as to the Dollar General case only.

{¶16} The matter proceeded to an evidentiary hearing on February 5, 2021, and the following evidence is adduced from the record.

{¶17} Appellant called John Doe as a witness, the person who provided the written statement supra. Doe testified that he knows appellant because the two were in the Stark County Jail at the same time. Doe is a convicted felon and his record includes convictions for, e.g., grand theft, forgery, and theft. The trial court asked Doe what he knows about the Dollar General robbery, and Doe responded that he didn't know anything about it; he wasn't at the scene of the robbery, he's not a friend of appellant, and he has no idea why he was called as a witness. Defense counsel then questioned Doe and asked him whether he wrote the statement dated January 29, 2019. Doe replied that yes, he wrote the statement and the contents are true because he did sell a BB gun to Steve Gill, a buddy of his. Doe testified he "thinks" he wrote this statement in 2019 for appellant's lawyer.

{¶18} Appellant next insisted he wanted to testify. The trial court stated this was highly irregular and the purpose of the hearing was not to re-try the case, but permitted appellant to testify. Appellant said he is innocent of the Dollar General robbery and believes the weapon sold by Doe to Gill is the weapon used in the robbery; the testimony of James Roe would tie all of this together but Roe failed to appear despite his subpoena.

{¶19} Upon cross-examination, appellant said he told defense trial counsel all of this at the time of the plea hearing but his attorney threatened him into pleading guilty. Appellant acknowledged he committed the Red Roof Inn robbery.

{¶20} Appellant next called Officer Escola as a witness; Escola is the officer whose texts with appellant's sister are described above. Escola testified that he knows appellant personally and described him as an addict who needs help. Escola testified that he didn't speak to appellant's trial attorneys at the time of the guilty pleas and only had contact with appellant's sister.

{¶21} Appellant next called Simon Horn, who signed a letter in support of appellant describing an addiction program he was involved with and how it could help appellant.

{¶22} Finally, appellant called his sister as a witness. She testified that all of the information regarding appellant's addiction and his purported innocence in the Dollar General robbery was given to defense trial counsel before the guilty pleas. She testified that appellant's counsel (two separate attorneys, one in each robbery case) told her the trial court "rejected" the information.

{¶23} At the conclusion of the hearing, the trial court overruled appellant's motion to withdraw his guilty plea.

{¶24} On February 11, 2021, the trial court journalized an entry overruling appellant's petition for post-conviction relief in the Red Roof Inn case and his motion to withdraw his guilty plea in the Dollar General case.

{¶25} Appellant now appeals from the trial court's entry of February 11, 2021 overruling his motion to withdraw his guilty plea.

{¶26} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶27} "THE TRIAL COURT ABUSED ITS DISCRETION IN LIMITING DEFENDANT'S TESTIMONY ON TWO MATERIAL ISSUES DURING THE EVIDENTIARY HEARING AND BY PREJUDGING ITS RULING AT THE BEGINNING OF THE HEARING."

## ANALYSIS

{¶28} Appellant argues the trial court did not provide him with a full and fair hearing upon his motion to withdraw his guilty plea in the Dollar General case. We disagree.

{¶29} Appellant's motion to withdraw his guilty plea was made pursuant to Criminal Rule 32.1, which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. *State v. Wallace*, 5th Dist. Perry No. 18-CA-00015, 2020-Ohio-565, ¶ 19, citing *State v. Marafa*, 5th Dist. Stark Nos. 2002CA00099, 2002CA00259, 2003-Ohio-257, ¶ 8.

{¶30} Our review of the trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. See *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990). Furthermore, under the

manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire*, 5th Dist. Licking No. 09-CA-132, 2010-Ohio-2566, ¶ 60, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *Smith*, supra, 49 Ohio St.2d 261 at paragraph one of the syllabus.

{¶31} The court in *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), at paragraph three of the syllabus, explained that a trial court does not abuse its discretion when it denies a motion to withdraw a guilty plea where: (1) the accused was represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea; (3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. *State v. Sams*, 5th Dist. Richland No. 99 CA 82, 2000 WL 968686, *1, citing *Peterseim*, supra.

{¶32} In the instant case, appellant does not challenge the trial court's ultimate decision overruling his motion to withdraw the guilty plea, but instead objects to the manner in which the evidentiary hearing was conducted. Applying the *Peterseim* factors, we note appellant does not argue defense trial counsel was incompetent or that the original guilty-plea hearing failed to comply with Crim.R. 11. In fact, appellant conceded the transcript of the guilty plea hearing established the trial court complied with Crim.R. 11. T. Feb. 5, 2021, 16-17. Instead, appellant argues that the hearing on his motion to withdraw his plea was inadequate.

{¶33} Although a hearing on a motion to withdraw must be "complete and impartial," per *Peterseim*, supra, it need not be extensive. *State v. Pratt*, 8th Dist. Cuyahoga No. 80189, 2002-Ohio-4433, ¶ 28, citing *State v. Sherrills*, 8th Dist. Cuyahoga No. 77178, *9 (Nov. 30, 2000). The key to a trial court's procedural posture must be that a defendant received a "full and fair consideration" of the plea withdrawal request. *State v. Aleshire*, 5th Dist. Licking No. 09-CA-132, 2010-Ohio-2566, ¶ 71, citing *State v. Wooley*, 6th Dist. Lucas App. No. L-85-105 (Dec. 13, 1985).

{¶34} Appellant first argues the trial court demonstrated bias, displaying skepticism that appellant could establish grounds to withdraw the guilty plea from the outset of the hearing. We therefore review the circumstances of the evidentiary hearing. As the hearing began, the trial court did express confusion about what issue appellant would be arguing, because appellant's motions originally focused on the Red Roof Inn robbery and mitigation of the sentence in that case, then appellant filed a motion to withdraw his guilty plea in the Dollar General case. Defense trial counsel explained that mitigating evidence was never presented in the Red Roof Inn case and they would like to present that now, but appellant was actually innocent of the Dollar General robbery and had witness statements supporting his innocence. Defense counsel acknowledged not all of their subpoenaed witnesses appeared for the hearing.

{¶35} The trial court then explained that it would look to the factors in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788, 790 (1st Dist.1995), overruled on other grounds by *State v. Sims*, 1st Dist. No. C-160856, 2017-Ohio-8379, 99 N.E.3d 1056, in

weighing appellant's motion to withdraw his guilty plea.[3] The trial court asked what fatal defect appellant alleged occurred at the guilty plea hearing. Appellant responded that he filed the transcript of the plea hearing and conceded that there were no defects; the trial court fully complied with Crim.R. 11. T. 13-16.

{¶36} As this conversation with the trial court concluded, one of appellant's witnesses arrived (John Doe). The trial court stated that it would question John Doe, and then permitted appellant and appellee to question Doe as well.

{¶37} We disagree with appellant's characterization in his brief that the trial court demonstrated bias; instead, the trial court went to extraordinary lengths to allow appellant to patch together arguments that were procedurally irregular, to say the least. Appellant now complains the trial court was reluctant to allow him to testify, but the court *did* allow him to do so.

---

[3] In *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788, 790 (1st Dist.1995), overruled on other grounds by *State v. Sims*, 1st Dist. No. C-160856, 2017-Ohio-8379, 99 N.E.3d 1056, the First District Court of Appeals described an analysis to apply to pre-sentence motions to withdraw guilty pleas:

> There are numerous additional factors which should be weighed in considering a motion to set aside a plea, which motion is made before sentencing, some of which are set out in *Peterseim,* as follows: (1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, and (4) whether the trial court gave full and fair consideration to the motion. We would also add: (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal (see *State v. Mathis* [May 30, 1990], Hamilton App. No. C-890286, unreported), (7) whether the accused understood the nature of the charges and possible penalties, and (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges (see *State v. Cloud* [1993], 91 Ohio App.3d 366, 632 N.E.2d 932). Obviously, the list is not exhaustive, and other factors will appear to trial and appellant courts depending upon the merits of each individual case.

{¶38} Setting aside the procedural irregularities, in the Dollar General case appellant's testimony was self-serving and unsupported by his own evidence. Appellant's argument is premised upon his insistence that he is innocent, a theory that is only supported by the written statement of James Roe, who failed to appear despite the subpoena. Appellant argues the trial court prevented him from explaining this theory of actual innocence, but the alleged witness with the linchpin evidence never showed up. Appellant points to no authority in support of his premise that the trial court was required to entertain appellant's unsubstantiated theories about the Dollar General robbery.

{¶39} Ultimately this record demonstrates that appellant was afforded a complete and impartial hearing on his motion to withdraw his guilty plea. *State v. Bennett*, 192 Ohio App.3d 608, 2011-Ohio-961, 949 N.E.2d 1064, ¶ 43 (2nd Dist.). The trial court gave full and fair consideration to appellant's request, but rejected it because appellant failed to demonstrate that he has a defense to the charges and a reasonable and legitimate basis for wanting to withdraw his pleas. Under those circumstances, the trial court did not abuse its discretion in denying defendant's request to withdraw his guilty pleas.

{¶40} The scope of the hearing is within the sound discretion of the trial court. *State v. Bosby,* 8th Dist. Cuyahoga No. 94466, 2011-Ohio-599, 2011 WL 486946, ¶ 10. We do not find any abuse of discretion in the trial court's manner of conducting the evidentiary hearing. The scope of a hearing on a defendant's motion to withdraw a plea should reflect the substantive merit of the motion; bold assertions without evidentiary support do not merit the scrutiny that substantiated allegations would merit. *State v. Hall,* 8th Dist. Cuyahoga No. 55289, 1989 WL 42253, *1 (Apr. 27, 1989). "The trial judge must determine whether the claim of innocence is anything more than the defendant's change

of heart about the plea agreement." *State v. Davison,* 5th Dist. Stark No. 2008–CA–00082, 2008–Ohio–7037, ¶ 45, citing *State v. Kramer,* 7th Dist. Mahoning No. 01–CA–107, 2002–Ohio–4176, ¶ 58.

{¶41} In this case, the record shows appellant was represented by highly competent counsel, he was given a full Crim.R. 11 hearing before he entered a plea, he was given a complete and impartial hearing on the motion to withdraw, and the court gave full and fair consideration to the plea withdrawal request. Moreover, there is no evidence that the trial court acted unjustly or unfairly. Rather, the record supports the trial court's determination that appellant's claims of innocence are merely a change of heart. See, *State v. Small*, 8th Dist. No. 104813, 2017-Ohio-110, 80 N.E.3d 1234, ¶ 20.

{¶42} Appellant has neither factually substantiated his claim nor offered any evidence or testimony supporting his innocence. *State v. Shelton,* 5th Dist. Stark No. 2012CA00024, 2012-Ohio-4482, ¶ 24, citing *State v. Davison,* 5th Dist. No.2008–CA–00082, 2008–Ohio–7037, ¶ 50, internal citations omitted.

{¶43} Moreover, as we noted supra, appellant did not assign as error the trial court's decision overruling the motion to withdraw his plea.  Instead, appellant argues the hearing was neither complete nor impartial. Upon our review of the record, we find appellant received a full and fair hearing upon his motion and the trial court did not abuse its discretion.

{¶44} Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶45} Appellant's sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Baldwin, P.J. and

Hoffman, J., concur.