[Cite as *State v. Gilroy*, 195 Ohio App.3d 173, 2011-Ohio-4163.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

THE STATE OF OHIO,                          :

      Appellee,                          :       C.A. CASE NO. 24568

v.                                          :       T.C. CASE NO. 10CR3552/1

GILROY,                                     :       (Criminal Appeal from
                                      Common Pleas Court)

      Appellant.                         :

. . . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2011.

. . . . . . . . .

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

Thomas W. Kidd Jr., for appellant.

. . . . . . . . .

GRADY, Presiding Judge.

{¶ 1} Defendant, Nada Gilroy, appeals from her conviction and sentence for receiving stolen property.

{¶ 2} Defendant was charged by indictment with receiving property stolen from Wal-Mart valued at over $500, a fifth-degree felony in violation of R.C. 2913.51(A). In a

hearing held on March 1, 2011, the following colloquies occurred:

{¶ 3} "THE COURT: Ms. Gilroy.

{¶ 4} "Ms. Gilroy, by agreement you're going to get community control sanctions also. You understand there's three conditions for that?

{¶ 5} "Number one, you need to go the pre-sentence folks and cooperate with that and be on time for that appointment.

{¶ 6} "Number two, you need to be back in court on March 29th on time.

{¶ 7} "And finally, you need to stay out of trouble between now and then, okay?

{¶ 8} "THE DEFENDANT: Yes, sir.

{¶ 9} "* * *

{¶ 10} "THE COURT: Anyone threaten or force you to plead?

{¶ 11} "THE DEFENDANT: No, sir.

{¶ 12} "THE COURT: Any promises made to get you to plead, other than that you're going to get community control, subject to the Court's conditions?

{¶ 13} "THE DEFENDANT: No, sir.

{¶ 14} "* * *

{¶ 15} "THE COURT: Now, if you get revoked from community control sanctions, you would face a maximum time of prison for your felony, which is twelve months.

{¶ 16} "Do you understand that?

{¶ 17} "THE DEFENDANT: Yes, sir."

{¶ 18} After the admissions and advice required by Crim.R. 11(C), the trial court accepted defendant's guilty plea.

**{¶ 19}** Defendant appeared for sentencing on March 29, 2011. The court noted that since her guilty plea on March 1, 2011, defendant had tested positive for cocaine and marijuana use. The court also noted that this was defendant's 11th theft-related offense, that she had been convicted of 29 misdemeanor offenses, and that her record contained "numerous pages" reporting misdemeanor charges that had been dismissed. The court noted that "[t]he last time you were on supervision from this Court you were an absconder." Id. After referring to the statutory purposes and principles of sentencing and the seriousness and recidivism factors, instead of community control the court sentenced defendant to a 12-month prison term.

**{¶ 20}** Defendant filed a notice of appeal from the judgment and conviction imposing her prison sentence.

FIRST ASSIGNMENT OF ERROR

**{¶ 21}** "The court erred when it breached the term of the plea agreement and sentenced appellant to a maximum twelve month prison term."

**{¶ 22}** A plea agreement is a contract between the prosecution and a criminal defendant, and is governed by principles of contract law. *State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577. If one side breaches the agreement, the other side is entitled to rescission or specific performance. *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; *State v. Layman*, Montgomery App. No. 22307, 2008-Ohio-759. When a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary. *Layman*, citing *State v. Triplett* (Feb. 13, 1997), Cuyahoga App. No. 69237; *State v. Bonnell*, Clermont App. No.

CA2001-12-094, 2002-Ohio-5882.

{¶ 23} In support of her argument that the trial court breached the plea agreement by sentencing her to a prison term after promising her at the plea hearing that she would receive community control, defendant relies upon *Bonnell* and *Layman*. That reliance is misplaced, however, because those cases are distinguishable.

{¶ 24} In *Bonnell*, the plea agreement stated that the defendant would not be sentenced to prison. The defendant failed to appear for sentencing. After the defendant was arrested in Tennessee and brought back before the court for sentencing, the trial court imposed a maximum 18-month prison term. The court of appeals concluded that reversible error occurred because the trial court had expressly promised the defendant that it would not sentence him to prison and then failed to perform on its promise without stating its intention to deviate from the terms of the plea agreement and without giving the defendant an opportunity to withdraw his plea due to the change from the terms of the plea agreement. Id.

{¶ 25} In *Layman*, the plea agreement stated that any prison term imposed would not exceed seven months. The defendant failed to appear for sentencing. After the defendant was arrested and returned to court for sentencing, the trial court imposed a ten-month prison term. The trial court refused to be bound by the plea agreement limiting any prison term to no more than seven months because the defendant had failed to appear for sentencing. In *Layman,* quoting from *Bonnell*, this court reversed the trial court's judgment and remanded the case for either imposition of the originally promised sentence or to allow the defendant to withdraw his plea. Id.

{¶ 26} In the present case, unlike *Bonnell* or *Layman*, defendant was expressly told

that she had to abide by three specific conditions in order to obtain the promised sentence of community-control sanctions. One of those three conditions was that defendant "stay out of trouble between now (plea hearing) and then (sentencing)." During the time period between her plea hearing and her sentencing, more specifically two weeks before sentencing, defendant tested positive for both marijuana and cocaine.

**{¶ 27}** We reject defendant's claim that her illegal use of controlled substances between the plea hearing and her sentencing did not violate the trial court's condition that she "stay out of trouble" during that period. Clearly, the trial court's condition encompasses and prohibits breaking the law, including illegal drug use, regardless of whether charges are brought. This case is more analogous to *State v. Price*, Hamilton App. No. C-030262, 2003-Ohio-7109, wherein the court of appeals held that the defendant, as the party who breached the plea agreement, voided the terms of the plea agreement and was not entitled to the agreed-upon sentence where he had been warned of the consequences for failing to appear for sentencing.

**{¶ 28}** The trial court's promise of community control was conditioned on defendant's agreement to comply with the three requirements that the court had attached to its promise. It was defendant, not the trial court, who breached the plea agreement by failing to abide by the court's specific condition that she stay out of trouble between the plea hearing and her sentencing. Defendant's breach relieved the trial court of its duty to perform its promise to impose community-control sanctions. Under those circumstances, the trial court was free to impose any lawful sentence, which it did in this case.

**{¶ 29}** Defendant's first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

**{¶ 30}** "The court erred in denying Ms. Gilroy her right to due process of law as guaranteed by the United States and Ohio Constitutions because her guilty plea was not entered knowingly, intelligently and voluntarily."

**{¶ 31}** A guilty plea that is not knowing, intelligent, and voluntary does not comport with due process and violates the Ohio and United States Constitutions. *State v. Engle* (1996), 74 Ohio St.3d 525, 527, citing *Kercheval v. United States* (1927), 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009. Compliance with Crim.R. 11(C)(2) in accepting guilty or no-contest pleas in felony cases portrays those qualities. *State v. Bennett*, Greene App. No. 2010CA0033, 2011-Ohio-961.

**{¶ 32}** Defendant argues that as a result of the trial court's breach of the plea agreement, her guilty plea was not knowing, intelligent, and voluntary.

**{¶ 33}** As we explained in overruling defendant's first assignment of error, the trial court did not breach its promise to sentence defendant to community-control sanctions, because defendant's failure to satisfy a condition on which the court's promise was made relieved the court of its duty to perform. That did not render defendant's guilty plea other than knowing and voluntary. Furthermore, it is abundantly clear from the record that defendant knew that the court's promise was conditional and entered her guilty plea on that basis.

**{¶ 34}** Our review of defendant's plea reveals that defendant was afforded a thorough hearing prior to entering her plea, and at that hearing, the trial court meticulously complied with Crim.R. 11(C)(2) in accepting defendant's plea by advising her of all of the

constitutional rights she was giving up by pleading guilty, as well as the nonconstitutional implications of her plea. Defendant's guilty plea was entered knowingly, intelligently, and voluntarily.

{¶ 35} Defendant's second assignment of error is overruled.

THIRD ASSIGNMENT OF ERROR

{¶ 36} "Ms. Gilroy was denied the effective assistance of counsel as guaranteed by the United States and Ohio Constitutions."

{¶ 37} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. Id.; *State v. Bradley* (1989), 42 Ohio St.3d 136.

{¶ 38} Defendant argues that her trial counsel performed deficiently by failing to object when the trial court imposed a prison term rather than community-control sanctions promised at the plea hearing and by failing to move to withdraw defendant's guilty plea when the trial court breached the plea agreement by imposing a prison term rather than community-control sanctions as promised at the plea hearing.

{¶ 39} Our analysis of the prior assignments of error compels a conclusion that defendant was not prejudiced by her counsel's alleged failure, because the court would have properly overruled as meritless the objection and/or motion defendant complains her attorney

failed to file.    Therefore, ineffective assistance of counsel is not shown.

{¶ 40} Defendant's third assignment of error is overruled.   The judgment of the trial court is affirmed.

Judgment affirmed.

FAIN and HALL, JJ., concur.