[Cite as *State v. Mills*, 2015-Ohio-5385.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

STATE OF OHIO                                          :
                                                       :
    Plaintiff-Appellee                         :      C.A. CASE NO. 26619
                                                       :
v.                                                     :      T.C. NO.   14CR2835
                                                       :
BENJAMIN MILLS                                         :      (Criminal appeal from
                                                       :       Common Pleas Court)
    Defendant-Appellant                        :
                                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___23rd___ day of ____December____, 2015.

. . . . . . . . . .

CHRISTINA E. MAHY, Atty, Reg. No. 0092671, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CARL BRYAN, Atty. Reg. No. 0086838, 266 Xenia Avenue, Suite 225, Yellow Springs, Ohio 45387
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** Defendant Benjamin Mills appeals from his conviction and sentence for four counts of Non-Support of Dependents, in violation of R.C. 2919.21(B), all felonies of the fifth degree. Mills filed a timely notice of appeal with this Court on March 18, 2015.

{¶ 2} On January 20, 2015, Mills appeared before the trial court for a final pretrial conference. There was some discussion between the trial court, defense counsel and the state about some confusion over a possible plea agreement, and ultimately defense counsel informed the Court Mills did not wish to accept the state's offer to plead guilty to all four counts. The matter had been previously set for trial to begin on January 28, 2015 at 8:30 a.m. After learning there was no offer, Mills informed the Court that he felt he was not being properly represented by his counsel due to a lack of communication. The trial court inquired on the record of defense counsel regarding Mills' complaint. Defense counsel assured the trial court that he would be able to properly prepare for trial. Thereupon, the trial court overruled Mills' oral motion for new counsel.

{¶ 3} After a short recess, the matter was recalled by the trial court whereupon defense counsel informed the trial court Mills wished to enter a plea to all four counts in the matter. The trial court was informed by Mills that he had a prior felony conviction, but the conviction was not for non-support. Prior to accepting the plea, the trial court engaged in the following colloquy with Mills:

> THE COURT: All right. And it's my practice that on a felony nonsupport, first felony, that the sentence is community control but I'll determine what the sanctions are on community control. However, if the Defendant fails to appear for sentencing, fails to appear for his pre-sentence investigation or gets into any trouble between now and the time of sentencing, which will be February 17th, then there's no agreement about sentence.
>
> * * *
>
> THE COURT:  Do you understand that Mr. Mills?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right.   So as I said, it's my practice to sentence first time nonsupport Defendants to community control provided you appear for your sentencing February 17th, you don't get into any trouble between now and then and you appear for your pre-sentence investigation.   Do you understand that?

THE DEFENDANT: Yes.

* * *

THE COURT: Is that what you want to do today, sir?

THE DEFENDANT: (No audible response)

THE COURT: It's up to you. Is that what you want to do?

THE DEFENDANT: Oh, yes.

{¶ 4} The trial court asked Mills if he had read and understood the plea form he had signed, and if he had any questions.   Mills only questioned his waiver of the right to call witnesses because he thought he might want to have his mother speak at sentencing. The trial court explained to Mills that he was waiving his right to call witnesses at trial, not sentencing. The trial court then continued with a thorough Crim. R. 11 colloquy.

{¶ 5} The prosecutor read the indictment into the record after which the trial court inquired if Mills understood what the prosecutor had read. Mills stated he did not think what the prosecutor stated was correct, but he understood what was read.   Whereupon, the trial court informed Mills it would not accept his plea if he was disputing the facts as stated.   After a second recess during which Mills consulted with his attorney, Mills agreed to the truth of the facts read into the record.   Significantly, Mills also indicated he was

satisfied with trial counsel's representation. The trial court accepted Mills' plea of guilty, entered a finding of guilty and continued the case for sentencing to February 17, 2015.

{¶ 6} On February 17, 2015, Mills appeared for sentencing. The trial court reviewed the pre-sentence investigation, specifically noting Mills' failure to make any significant payments of child support and his "lengthy criminal history" including convictions for domestic violence, receiving stolen property, forgery and welfare theft. After noting Mills had a prior opportunity at the STOP Program, the trial court found Mills not amenable to community control and sentenced him to twelve months on each count to be served concurrently for a total of twelve months and ordered restitution of $ 7,964.39. The trial court also noted that Mills had tested positive for both marijuana and cocaine on February 2, 2015. The trial court notified Mills of his rights of appeal and the proceedings were concluded.

{¶ 7} It is from this judgment that Mills appeals.

{¶ 8} Mills' only assignment of error is as follows:

{¶ 9} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT BECAME A PARTY TO A PLEA AGREEMENT, RENDERING APPELLANT'S PLEA INVOLUNTARY."

{¶ 10} In his assignment of error, Mills contends that the trial court erred when it entered into plea negotiations by promising a sentence, and that the court's failure to abide by the agreed sentence renders his plea involuntary.

{¶ 11} The Ohio Supreme Court has held that judicial participation in plea negotiations does not render a plea invalid *per se*, but such involvement requires careful scrutiny to determine if "the judge's active conduct could lead a defendant to believe he

cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial." *State v. Byrd*, 63 Ohio St. 2d 288, 293-94, 407 N.E.2d 1384 (1980).

{¶ 12} In *Byrd,* a trial judge presiding in a capital case, who probably wanted to avoid having to impose capital punishment, met with the defendant without his lawyer present and urged him to enter a guilty plea. *Id.* at 289-290. The judge told Byrd that evidence which would come out at trial would determine whether "you go to the electric chair." *Id.* The judge also urged members of Byrd's family, and a deputy sheriff who was a family friend, to prevail on Byrd to enter a guilty plea. When Byrd then entered a guilty plea his trial counsel was not present, though counsel's law partner was there. *Id.* at 290. "Byrd stands for the proposition that a plea of guilty or no contest will be presumed to be coerced if the trial judge takes a partisan position in support of the plea." *State v. Chenoweth*, 2d Dist. Montgomery No. 15846, 1997 WL 630018, *2 (Sept. 19, 1997).

{¶ 13} In the instant case, the record does not reveal a degree of participation in the plea bargaining process akin to the coercive tactics disfavored in *Byrd.* Rather, the trial court's comments merely served as a clarification of its intention to disregard the plea agreement if Mills failed to appear for his PSI interview or otherwise "[got] into any trouble."

{¶ 14} Further, a plea agreement is a contract, and a breach of that contract is governed by contract law. *State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729 (4th Dist.). A breach of that contract entitles the non-breaching party to recision or specific performance. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Layman*, 2d Dist. Montgomery No. 22307, 2008-Ohio-759.

A promised sentence is an inducement to plea, and unless given as promised, the plea is not voluntary. *State v. Gilroy*, 195 Ohio App.3d 173, 2011-Ohio-4163, 959 N.E.2d 19 (2d Dist.); *Layman* at ¶ 15, citing *State v. Triplett*, 8th Dist. Cuyahoga No. 69237, 1997 WL 64051 (Feb. 13, 1997); *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882.

{¶ 15} In *Gilroy*, this Court addressed the same issue regarding a trial court's promise of community control sanctions to a defendant who had pleaded guilty pursuant to a plea agreement to a charge of receiving stolen property. Before accepting her plea, the trial court addressed Gilroy directly and informed her the agreed upon sentence was contingent on three conditions: (1) to appear and cooperate with the pre-sentence investigation; (2) to return to court on the day of sentencing; and (3) "to stay out of trouble between now and then." At sentencing, the trial court noted Gilroy's extensive criminal history, her failure to abide by the conditions of prior community control sanctions, and that she had tested positive for marijuana and cocaine since entering her plea. The trial court then sentenced Gilroy to twelve months imprisonment.

{¶ 16} In challenging her conviction and sentence, Gilroy argued that the trial court's failure to impose the agreed upon sentence violated her due process rights and rendered her plea involuntary. This Court rejected that argument finding the conditions on the agreed sentence were expressly communicated to her, and illegal drug use, regardless of whether or not prosecuted, clearly violated the trial court's condition that she "stay out of trouble" between entering her plea and being sentenced. Since Gilroy had broken an express condition of the plea agreement, the trial court was relieved of its obligation to sentence her to community control sanctions and was free to sentence as it

saw fit. Further, since it was the defendant's conduct which caused the breach of the agreement, the failure to sentence as agreed did not render her plea involuntary.

{¶ 17} The circumstances in the present case are remarkably similar to those in *Gilroy*. Here, the trial court made certain Mills understood the conditions of an application of its normal practice to sentence community control. The terms expressly included a requirement that Mills not "get into any trouble between now and then." Twice the court verified that Mills understood those terms. Mills tested positive for marijuana and cocaine on February 2, 2015 which violated the conditions of the agreed upon sentence. The trial court was free to sentence as it saw fit within the statutory guidelines.

{¶ 18} Accordingly, based on our prior decision in *Gilroy*, we hold that Mills' positive drug tests violated the express conditions of the agreed upon sentence and the trial court was relieved of its duty to abide by the agreement at sentencing. Thus, the trial court's refusal to sentence to community control sanctions did not render Mills' plea involuntary.

{¶ 19} Accordingly, the judgment appealed from is affirmed.

. . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

Christina E. Mahy
Carl Bryan
Hon. Mary Katherine Huffman