[Cite as *State v. Dehart*, 2018-Ohio-865.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

STATE OF OHIO                                  :
                                               :
     Plaintiff-Appellee                  :    C.A. CASE NOS.: 27587/27678
                                               :
v.                                             :    T.C. NOS.: 2017-CR-67/2017-CR-64
                                               :
DAVID DEHART                                   :    (Criminal Appeal from
                                               :    Common Pleas Court)
     Defendant-Appellant                 :
                                               :

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 9th day of March, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER JANS, Atty. Reg. No. 84470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

GARY SCHAENGOLD, Atty. Reg. No. 7144, 4 E. Schantz Avenue, Dayton, Ohio 45409
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant David Dehart appeals his conviction and sentence for two counts of violating a protection order, in violation of R.C. 2919.27(A)(1)/(B)(1)(3), both

felonies of the fifth degree.

{¶ 2} On January 17, 2017, Dehart was indicted in Case No. 2017 CR 0064 for one count of violating a protection order, in violation of R.C. 2919.27 (A)(1)/(B)(1)(3), a fifth degree felony.   On the same day, Dehart was indicted in Case No. 2017 CR 0067 for an additional count of violating a protection order, in violation of R.C. 2919.27 (A)(1)/(B)(1)(3), also a fifth degree felony.

{¶ 3} Shortly thereafter on January 31, 2017, Dehart pled guilty to both counts of violating a protection order in Case Nos. 2017 CR 0064 and 2017 CR 0067.   During a sidebar discussion at the plea hearing, it was acknowledged by the trial court and the parties that Dehart had already received a twelve-month prison sentence for a probation revocation in a separate case (Case No. 2016 CR 3661).   Nevertheless, it was agreed that Dehart would receive community control in Case Nos. 2017 CR 0064 and 2017 CR 0067.   Furthermore, the trial court and the parties agreed that Dehart's community control sanctions would not begin until he completed his twelve-month sentence for the probation revocation in Case No. 2016 CR 3661.

{¶ 4} At the plea hearing, the trial court stated the following regarding the maximum possible sentences to which Dehart was subject in Case Nos. 2017 CR 0064 and 2017 CR 0067 :

> The Court: Okay.   Each of those felony fives carry maximum potential penalties of a $2500.00 fine and from six to twelve months in prison though by – *but you're going to get community control, which can last as long as five years and could involve six months in jail*; do you understand that?

Dehart: Yes, sir.

Tr. 12.

{¶ 5} Later in the plea hearing, the trial court stated the following:

Trial Court: And, Mr. Dehart, you understand that should you get revoked from community control sanctions in your case, you're going to get twelve months on each case for a total of two years. Do you understand that?

Dehart: Yes, I do.

Tr. 14.

{¶ 6} At the end of the Crim.R. 11 colloquy, Dehart pled guilty to the charged offenses. The trial court accepted Dehart's guilty pleas, ordered the preparation of a pre-sentence investigation report (PSI), and scheduled a sentencing hearing to be held on February 14, 2017.

{¶ 7} After the sentencing hearing was rescheduled, Dehart filed a motion to withdraw his plea in Case No. 2017 CR 0064, arguing that he was confused regarding the sentence he was to receive.[1] Prior to sentencing Dehart, the trial court held a hearing with respect to his motion to withdraw his guilty pleas. The trial court denied Dehart's motion to withdraw and immediately proceeded to sentencing in Case Nos. 2017 CR 0064 and 2017 CR 0067. Ignoring the prior agreement to impose community control sanctions, the trial court sentenced Dehart to twelve months in prison for each of the two counts of violating a protection order. The trial court ordered that the sentences run

---

[1] The record establishes that Dehart did not file a motion to withdraw his plea in Case No. 2017 CR 0067.

consecutively to one another but concurrent to the twelve-month term in Case No. 2016 CR 3661, for an aggregate sentence of twenty-four months in prison. Dehart's judgment entry of conviction was filed on March 3, 2017.

{¶ 8} Thereafter, on May 16, 2017, Dehart filed a motion for leave to file a delayed appeal, but he did not file a notice of appeal. In an entry issued on July 17, 2017, we granted Dehart's motion for leave to file a delayed appeal on the condition that he file a notice of appeal with the trial court within twenty days. (CA 27587) On August 7, 2017, Dehart filed a notice of appeal in CA 27678 and a second motion for leave to file a delayed appeal. In an entry issued on August 17, 2017, we consolidated CA 27587 and CA 27678 and granted Dehart's second motion for leave to file a delayed appeal.

{¶ 9} Dehart filed his appellate brief on December 5, 2017. On January 11, 2018, the State filed a notice of conceded error pursuant to Local Rule 2.24. On the same day, the State filed its responsive brief in which it conceded that Dehart's guilty pleas were not knowingly, intelligently, and voluntarily made because the trial court failed to honor its agreement whereby Dehart was to receive community control sanctions after pleading guilty to two counts of violating a protection order in Case Nos. 2017 CR 0064 and 2017 CR 0067. Accordingly, the State agrees with Dehart that the trial court's judgment should be reversed and remanded for either the imposition of community control sanctions or to allow Dehart to withdraw his guilty pleas. We agree.

{¶ 10} Dehart's first assignment of error is as follows:

{¶ 11} "APPELLANT'S PLEAS OF GUILTY WERE NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE IN COMPLIANCE WITH RULE 11(C) OF THE OHIO RULES OF CRIMINAL PROCEDURE."

{¶ 12} In his first assignment, Dehart argues that his guilty pleas were not knowingly, intelligently, and voluntarily made because the trial court failed to honor its promise to impose community control sanctions after he pled guilty to two counts of violating a protection order in Case Nos. 2017 CR 0064 and 2017 CR 0067.

{¶ 13} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9. "Crim.R. 11(C) requires a trial judge to determine whether that criminal defendant is fully informed of his or her rights and understands the consequences of his or her guilty plea." *Id.* at ¶ 10. In determining whether Dehart's guilty plea was made knowingly, intelligently, and voluntarily, we must review the record "to ensure that Crim.R. 11 was followed by the trial court upon defendant's submission of the guilty plea." *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). A trial court must substantially comply with the notification of the non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b), and a defendant must show prejudice before a plea will be vacated for failure to substantially comply with those notifications. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14, 17.

{¶ 14} In *State v. Mills*, 2d Dist. Montgomery No. 26619, 2015-Ohio-5385, ¶ 14, we stated the following:

> *** [A] plea agreement is a contract, and a breach of that contract is
> governed by contract law. *State v. Adkins*, 161 Ohio App.3d 114, 2005–
> Ohio–2577, 829 N.E.2d 729 (4th Dist.). A breach of that contract entitles
> the non-breaching party to recision or specific performance. *Santobello v.
> New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v.*

*Layman*, 2d Dist. Montgomery No. 22307, 2008–Ohio–759. A promised sentence is an inducement to plea, and unless given as promised, the plea is not voluntary. *State v. Gilroy*, 195 Ohio App.3d 173, 2011–Ohio–4163, 959 N.E.2d 19 (2d Dist.); *Layman* at ¶ 15, citing *State v. Triplett*, 8th Dist. Cuyahoga No. 69237, 1997 WL 64051 (Feb. 13, 1997); *State v. Bonnell*, 12th Dist. Clermont No. CA2001–12–094, 2002–Ohio–5882.

**{¶ 15}** In the instant case, the record clearly established that the trial court promised Dehart that he would receive community control sanctions if he pled guilty to two counts of violating a protection order in Case Nos. 2017 CR 0064 and 2017 CR 0067. Significantly, we note that no conditions were placed upon Dehart at the time of the plea which could account for the trial court's decision to disregard its promise of community control. Therefore, the trial court was obligated to sentence Dehart to community control sanctions or otherwise permit him to withdraw his guilty pleas. The trial court, however, did neither. Rather, the trial court sentenced Dehart to two consecutive twelve-month sentences in Case Nos. 2017 CR 0064 and 2017 CR 0067. The trial court's decision to disregard its promise of community control rendered Dehart's guilty pleas unknowing, unintelligent, and involuntary.

**{¶ 16}** Dehart's first assignment of error is sustained.

**{¶ 17}** Dehart's second assignment of error is as follows:

**{¶ 18}** "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS TO WITHDRAW HIS PLEAS OF GUILTY PRIOR TO SENTENCING PURSUANT TO RULE 32.1 OF THE OHIO RULES OF CRIMINAL PROCEDURE."

**{¶ 19}** In light of our disposition with respect to Dehart's first assignment, his

second assignment of error is rendered MOOT, and therefore, we need not address it.

**{¶ 20}** Dehart's first assignment of error having been sustained, the judgment of the trial court is reversed and remanded for either the imposition of community control sanctions or to allow Dehart to withdraw his guilty pleas.

. . . . . . . . . . . . .

WELBAUM, P.J., concurs.

TUCKER, J., concurring:

**{¶ 21}** I agree that under the circumstances of this case the trial court had the obligation to either allow Dehart to withdraw his guilty plea or, upon the withdrawal motion being overruled, to impose the agreed upon sentence. *State v. Walton*, 2 Ohio App.3d 117, 440 N.E.2d 1225 (10th Dist. 1981). I write separately to note that a defendant's motion to withdraw his guilty plea, made after the parties, with the court's imprimatur, enter into a sentencing agreement, could be, under different circumstances, considered an anticipatory repudiation of the sentencing contract that would allow the trial court to overrule the withdrawal motion and impose a sentence greater than the agreed upon sentence. *State v. Calloway*, 7th Dist. Mahoning No. 10 MA 147, 2011-Ohio-4257.

Copies mailed to:

Heather Jans
Gary Schaengold
Hon. Gregory F. Singer