[Cite as *State v. Casto*, 2021-Ohio-2328.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-28 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-235 |
| | : | |
| JASON MICHAEL CASTO | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of July, 2021.

. . . . . . . . . . .

ELIZABETH HANNING SMITH, Atty. Reg. No. 0076701, Champaign County
Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
       Attorney for Plaintiff-Appellee

HILARY LERMAN, Atty. Reg. No. 0029975, 249 Wyoming Street, Dayton, Ohio 45409
       Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Jason Michael Casto appeals from his conviction, following a guilty plea, for aggravated possession of drugs. Casto contends the trial court improperly sentenced him when it failed to abide by the terms of the plea agreement. He further contends that his defense counsel was ineffective for failing to object to the sentence and for failing to file a motion to withdraw the plea.

{¶ 2} We conclude the trial court was not bound by the terms of the plea agreement and thus did not err in sentencing. We further conclude Casto has failed to demonstrate that counsel's representation was defective or that any claimed defect resulted in prejudice. Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶ 3} On October 25, 2019, Casto was charged via a bill of information with one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1). According to the record before us, at the time he committed the offense, Casto was on community control for a 2018 offense.[1] Further, the record shows that Casto had served two prior prison sentences and that he was also on community control when he committed the 2018 offense.

{¶ 4} On October 30, 2019, Casto and the State entered into a plea agreement whereby Casto would plead guilty and the parties would waive a presentence investigation report. In addition, Casto agreed to pay costs and fees and to admit to certain violations of his community control sanctions. The agreement was silent as to

---

[1] Casto has not appealed the 2018 case. Therefore, even though the trial court's judgment addresses both cases, our review is limited to the 2019 conviction.

sentencing. At the sentencing hearing, defense counsel asked that any sentence for the two cases be run concurrently, but the State asked for a 14-month sentence, which necessarily required consecutive sentences.

{¶ 5} Following a proper Crim.R. 11 plea colloquy, the court found Casto guilty of the 2019 charge as well as the community control violations related to the 2018 case. The court revoked Casto's community control in the 2018 case and ordered him to serve the previously-imposed sentence of 12 months. The court also sentenced Casto to serve a term of 12 months in the instant case. The court ordered the two sentences to be served consecutively for an aggregate sentence of 24 months.

{¶ 6} Casto appeals.

## II.     Plea Agreement

{¶ 7} Casto's first assignment of error states as follows:

THE COURT VIOLATED THE TERMS OR THE IMPLIED TERMS OF THE

PLEA AGREEMENT.

{¶ 8} Casto's argument is difficult to discern, however, he appears to claim that the court violated the terms of the plea agreement by running the two sentences consecutively rather than concurrently. In support, he makes reference to an affidavit, which is not a part of this record, in which he averred that his trial counsel "promised that his sentences would run concurrently with each other." Casto also asserts a somewhat

incongruous claim that the State agreed he would receive only a 14-month sentence.[2]

{¶ 9} We begin by noting that, because this is a direct appeal, we are limited to considering only matters contained in the record. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. Thus, to the extent this argument relies upon statements made in an affidavit that is not part of the record, it must fail.

{¶ 10} We next note that "[p]lea agreements are generally made between the State and a defendant. Unless the court involves itself in the plea negotiations or agrees to the terms of the agreement, the trial court is not bound by the plea agreement, and the court may determine the appropriate sentence for the charges to which the defendant has pled guilty or no contest." *State v. Sage*, 2d Dist. Montgomery No. 25453, 2013-Ohio-3048, ¶ 23, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28. There is nothing in this record to support a finding that the trial court was involved in the plea negotiations in this case.

{¶ 11} Other than Casto's unsubstantiated claim that he was promised concurrent sentences, there is nothing to indicate that the court, or for that matter, the State, agreed to the imposition of concurrent sentences. Furthermore, while the State recommended a 14-month sentence at sentencing, the plea agreement was silent as to sentencing.

{¶ 12} More importantly, the record clearly demonstrates that Casto was informed

---

[2] We cannot determine how a 14-month sentence could be imposed without ordering the two sentences to run consecutively, as the maximum sentence for each offense was 12 months. In other words, if the sentences were run concurrently, as Casto claims was agreed, the total sentence could not have exceeded 12 months.

the trial court could impose consecutive sentences prior to entering his plea and that he affirmed his understanding of that fact. Finally, we have reviewed the plea agreement, plea hearing and sentencing hearing and find nothing amiss.

{¶ 13} The record before us does not support Casto's claims. Accordingly, the first assignment of error is overruled.

### III. Ineffective Assistance

{¶ 14} Casto asserts the following as his second assignment of error:

DEFENDANT-APPELLANT'S ATTORNEY DID NOT PROVIDE HIM WITH EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 15} Casto asserts he was denied the effective assistance of trial counsel when counsel failed to (1) object or (2) file a motion to withdraw his guilty plea after the sentencing court breached the plea agreement by imposing the sentence that it did. In support he cites to this court's opinion in *State v. Gilroy*, 195 Ohio App.3d 173, 2011-Ohio-4163, 959 N.E.2d 19 (2d Dist.).

{¶ 16} To prevail on a claim of ineffective assistance of counsel, a defendant must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. In order to establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Strickland* at 688; *Bradley* at 142. Under the deficient-performance prong, the court should "indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. Establishing prejudice requires a defendant to show there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." (Citations omitted.) *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204.

{¶ 17} Importantly, by entering a guilty plea, a defendant "waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." *State v. Hurtado*, 2d Dist. Montgomery No. 26892, 2017-Ohio-1465, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992). Thus, if a defendant has entered a plea of guilty, he cannot establish ineffective assistance of counsel unless he demonstrates that counsel's advice was not within the range of competence demanded of attorneys in criminal cases, and that, but for counsel's errors, there is a reasonable probability the defendant would not have pleaded guilty. *State v. Olsen*, 2d Dist. Montgomery No. 28011, 2019-Ohio-568, ¶ 10.

{¶ 18} Casto claims this court, in *Gilroy*, 195 Ohio App.3d 173, 2011-Ohio-4163, 959 N.E.2d 19, found counsel was ineffective under the same circumstances as presented in his case. He is incorrect. In *Gilroy*, the trial court expressly stated during the plea hearing that the defendant would be sentenced to community control sanctions. *Id.* at ¶ 4. However, the court also stated that the agreement was subject to the defendant timely appearing for sentencing and "stay[ing] out of trouble" in the interim. *Id.* at ¶ 7. When the defendant later appeared for sentencing, "[t]he court noted that since her guilty plea on March 1, 2011, defendant had tested positive for cocaine and marijuana use. The court also noted that this was defendant's 11th theft-related offense, that she

had been convicted of 29 misdemeanor offenses, and that her record contained 'numerous pages' reporting misdemeanor charges that had been dismissed. The court noted that '[t]he last time [she was] on supervision from this Court [she was] an absconder.' " *Id.* at ¶ 19. Thereafter, the trial court sentenced the defendant to a prison term rather than community control. *Id.*

{¶ 19} On appeal, the defendant raised arguments asserting that the trial court had breached the plea agreement and that defense counsel had been ineffective for failing to object to the sentence or to seek to withdraw the guilty plea. We found "[i]t was defendant, not the trial court, who breached the plea agreement by failing to abide by the court's specific condition that she stay out of trouble between the plea hearing and her sentencing [and] Defendant's breach relieved the trial court of its duty to perform its promise to impose community-control sanctions." *Id.* at 28. We further concluded that the failure to establish that the trial court breached the plea agreement "compels a conclusion that defendant was not prejudiced by her counsel's alleged failure, because the court would have properly overruled as meritless the objection and/or motion defendant complains her attorney failed to file. Therefore, ineffective assistance of counsel is not shown." *Id.* at ¶ 39.

{¶ 20} Likewise, in this case, the record does not support a finding that the trial court breached the terms of the plea agreement. Thus, the objection and motion urged by Casto would have been without merit. Therefore, counsel cannot be said to have been ineffective on these grounds.

{¶ 21} We also note that Casto's argument appears to suggest that the trial court should have imposed community control sanctions rather than a prison term. However,

the record demonstrates that Casto entered his plea fully aware he would not be sentenced to community control sanctions.

Finally, it is well established that "[a] claim of ineffective assistance of counsel cannot be asserted on direct appeal if it relies on matters outside the record." *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 28. Thus, to the extent Casto's argument relies on his claim that counsel informed him he would receive concurrent sentences or community control or a 14-month sentence, it must be overruled, as it is based upon matters not contained in this record. Thus, it is not capable of review on direct appeal.

{¶ 22} The second assignment of error is overruled.

## IV.  Conclusion

{¶ 23} Both of Casto's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Elizabeth Hanning Smith
Hilary Lerman
Hon. Nick A. Selvaggio