[Cite as *State v. Stevens*, 2022-Ohio-2974.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-40 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-193 |
| | : | |
| CHRISTOPHER L. STEVENS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of August, 2022.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, Appellate Division, Safety Building, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

ALAN D. GABEL, Atty. Reg. No. 0025034, P.O. Box 1423, Dayton, Ohio 45401
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Christopher L. Stevens appeals his convictions in the Miami County Common Pleas Court after entering guilty pleas to ten counts of rape under 13 years old and receiving an aggregate prison sentence of 20-years-to-life. Stevens argues on appeal that his plea was not knowingly, intelligently, and voluntarily made, and that his sentence was not supported by the record. For the reasons that follow, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On May 20, 2021, Stevens was indicted by the Miami County Grand Jury on 10 counts of rape, in violation of R.C. 2907.02(A)(1)(b) (child under 13), felonies of the first degree. Following plea discussions, Stevens entered a negotiated guilty plea wherein he agreed to plead guilty to the indictment as charged and the parties agreed to jointly recommend concurrent prison sentences, for an aggregate mandatory minimum prison term of 10-years-to-life. The court sentenced Stevens to a mandatory term of 10-years-to-life on all counts with Counts 1 through 5 to run concurrently to each other and Counts 6 through 10 to run concurrently to each other, but Counts 1 through 5 were ordered to be served consecutively to the concurrent sentences imposed for Counts 6 through 10, making the sentence an aggregate mandatory prison term of 20-years-to-life. Stevens was designated a Tier III sex offender with life-time registration. Stevens timely appealed.

## II. First Assignment of Error

APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED THROUGH

THE TRIAL COURT'S IMPOSITION OF A SENTECE BASED ON A PLEA

AGREEMENT THAT WAS UNKNOWINGLY, INVOLUNTARILY, AND UNINTELLIGENTLY MADE.

**{¶ 3}** Stevens asserts that his plea was not knowingly, voluntarily, and intelligently entered, because the trial court induced him to enter his plea by accepting the parties' jointly-recommended sentence, but not imposing the jointly-recommended sentence. We find no merit to Stevens' argument.

**{¶ 4}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9. "A guilty plea that is not knowing, intelligent, and voluntary does not comport with due process and violates the Ohio and United States Constitutions." *State v. Gilroy*, 195 Ohio App.3d. 173, 2011-Ohio-4163, 959 N.E.2d 19, ¶ 31 (2d Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

**{¶ 5}** "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If the prosecutor fails to fulfill the promise, the defendant is entitled to either withdraw his or her plea or enforce specific performance of the plea agreement. *Id.* at 263. Likewise, if the trial court promises to impose a particular sentence that induces a defendant to plea, absent a violation of any conditions placed on defendant prior to sentencing, the plea is not voluntary unless that sentence is imposed. *State v. DeHart*, 2018-Ohio-865, 106 N.E.3d 1267, ¶ 15 (2d Dist.).

**{¶ 6}** The trial court, however, "is not bound to accept the State's recommended

sentence in a plea agreement." *State v. Downing*, 2d Dist. Greene No. 2019-CA-74, 2020-Ohio-3984, ¶ 34, citing *Akron v. Ragsdale*, 61 Ohio App.2d 107, 109, 399 N.E.2d 119 (9th Dist.1978). "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.' " *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6, quoting *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.).

{¶ 7} In the present case, the trial court in no way promised Stevens that it would impose the jointly-recommended sentence. Before the plea agreement was placed on the record, the following discussion occurred:

The Court: All right. This matter comes on for a change of plea. [Defense counsel], are there any plea bargains that need to be placed on the record?

Defense counsel: There are, Your Honor. The – there's a joint agreement of a recommendation of concurrent sentencing to the Court. My client understands that the Court will carefully consider the joint recommendation, but the Court has the right to sentence him under the law.

The Court: Thank you [Defense counsel]. [Prosecutor], is that your understanding?

[Prosecutor]: Yes Your Honor.

The Court: And is this what you want to do Mr. Stevens?

Mr. Stevens: Yes Ma'am.

Change of Plea Hrg. Tr. p. 2.

{¶ 8} The plea agreement was placed on the record and included that Stevens would plead guilty to 10 counts of rape of a child less than 13 years of age, felonies of the first degree, and the parties would jointly recommend that he serve a concurrent sentence on all 10 counts. After Stevens acknowledged that that arrangement was the entirety of the plea agreement, the following discussion occurred:

> The Court: Okay. Thank you. Now as [Defense counsel] already went over on the record, do you understand that [t]he Court is not bound by that joint sentencing recommendation?
>
> Mr. Stevens: Yes, yes Ma'am.
>
> The Court: Okay. And that the Court can impose any penalties that the Court deems appropriate within the relevant sentencing guidelines?
>
> Mr. Stevens: Yes Ma'am.

*Id.* at 7.

{¶ 9} During the plea hearing, Stevens was advised that each offense carried a mandatory prison sentence of 10-years-to-life. In discussing that Stevens was pleading guilty to multiple offenses, the trial court confirmed that Stevens understood the difference between concurrent and consecutive sentences. The following discussion occurred:

> The Court: Okay. So you're pleading guilty to more than one offense. Do you understand that?
>
> Mr. Stevens: Yes Ma'am.
>
> The Court: All right. So the Court has to determine whether to run your

sentences concurrent to one another or consecutive.

Mr. Stevens:   Yes Ma'am.

The Court:   And you know what those terms mean?

Mr. Stevens:   Yes I do, Ma'am.

The Court:   Okay.   Concurrent being at the same time or consecutive being one right after the other.

Mr. Stevens:   Yes Ma'am.

*Id.* at 16-17.

{¶ 10} The trial court confirmed with Stevens during the plea hearing that he had reviewed, understood, and signed the plea form.   The form explicitly stated in numbered paragraph 13, "I know that the sentence I will receive is a matter solely within the discretion and control of the Judge, despite any and all recommendations made to the Court.   I request leniency, but I am prepared to accept any punishment permitted by law which this Court sees fit to impose.   I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of Guilty."   Petition to Enter Plea of Guilty (Felony).

{¶ 11} Having reviewed the record, the trial court made clear that it was not required to follow the joint recommendation of the parties and did not in any way promise that Stevens would receive the recommended sentence.   The totality of the circumstances, including the plea colloquy and the signed plea agreement, demonstrate that Stevens' pleas were knowingly, intelligently, and voluntarily entered.   We therefore overrule Stevens' first assignment of error.

### III.    Second Assignment of Error

THE TRIAL COURT ERRED IN BASING APPELLANT'S SENTENCE ON ASSUMPTIONS WHICH WERE UNSUPPORTED BY THE RECORD AND UPON INCOMPLETE FACTFINDING.

**{¶ 12}** In his second assignment of error, Stevens argues that the trial court's consecutive sentence findings were not supported by the record.   We disagree.

**{¶ 13}** Generally, prison terms are presumed to be served concurrently.   R.C. 2929.41(A).   However, R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 14} A trial court that imposes a consecutive sentence must make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its judgment entry, but it has no obligation to state reasons to support its findings. *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 15} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1 and ¶ 7. R.C. 2953.08(G)(2) directs appellate courts "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds either * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code * * * [or] the sentence is otherwise contrary to law." "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Dover*, 2d Dist. Clark Nos. 2018-CA-107, 2018-CA-108, 2019-Ohio-2462, ¶ 7, citing *State v.*

*Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 31 (2d Dist.). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 16} In his brief, Stevens does not contend that his sentence is contrary to law. Rather, he claims the trial court's findings under R.C. 2929.12 are not supported by the record and do not justify consecutive sentences. However, while a trial court must consider the statutory criteria that apply to every felony offense, including those set forth in R.C. 2929.11 and R.C. 2929.12, R.C. 2953.08(G)(2)(a) does not provide a basis to modify or vacate a sentence because it is not supported under R.C. 2929.11 or R.C. 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Thus, our review is limited to whether the trial court complied with the necessary findings under R.C. 2929.14(C)(4) before imposing consecutive sentences and, if done, whether we clearly and convincingly find that the record fails to support the trial court's consecutive sentence findings.

{¶ 17} Prior to imposing sentence, the trial court advised on the record that it had considered the written statements of the victim and Stevens' mother, the oral statements made at the time of sentencing, and the presentence investigation report ("PSI"). The trial court stated that it had considered the purposes and principles of sentencing in R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. The trial court made the required consecutive-sentencing findings under R.C. 2929.14(C)(4), both on the record and in the termination entry. Specifically, in accordance with R.C.

2929.14(C)(4)(b), the trial court found that "[a]t least two of [the counts] were committed as a part of a course of conduct. * * * And the harm caused by these multiple offenses was so great and unusual and violates all decency and morals and – of our community, that no single prison term adequately reflects the Defendant's conduct." Sentencing Hrg. Tr. p. 16.

{¶ 18} As the trial court made the requisite findings before imposing consecutive sentences, our review now turns to whether we clearly and convincingly find that the record fails to support those findings. The record reflects that Stevens pled guilty to 10 separate counts of rape of a child under 13 years old. The charges arose as a result of Stevens' minor daughter performing fellatio on him an "estimated ten times" between "Thanksgiving and Christmas of 2020," with the most recent incident occurring "several weeks" before March 26, 2021. PSI. In exchange for the fellatio, Stevens supplied his daughter with candy and marijuana. *Id.* Although he had asked her to have vaginal sex with him, she refused. *Id.* In the victim's statement to the court, she stated that "my father made me think it was okay to rape - that he raped me, made me touch him, and let him touch me. This went on since I was eleven years old for about a year." Sentencing Hrg. Tr. p. 6. The victim explained that Stevens took away her innocence and she was very sad as a result of these offenses. *Id.* at 6-7. She also indicated that because of Stevens' actions, she had lost her friends and siblings. *Id.*

{¶ 19} The trial court concluded that Stevens had groomed his daughter and identified him as a "manipulator and predator," explaining to Stevens that he "betrayed the most fundamental obligation you have as a parent, and that is to protect your child."

*Id.* at 12. The trial court found that Stevens minimized his conduct by claiming it was not forced rape and attempted to blame his actions on his drug use. This excuse was provided in contrast to the repeated incestuous conduct that occurred over a lengthy period of time and Stevens' admissions that he "got into taboo porn, which led [him] to father daughter porn." PSI. He also repeatedly encouraged the victim to send inappropriate photos of herself to him, telling her not to show them to anyone else, and tried to progress from oral sex to vaginal sex with the minor victim over the course of a year. PSI. The trial court's additional statements on the record indicate it spent a great deal of time explaining its rationale for the consecutive sentence it ultimately imposed. Although the trial court stated it "gave great weight to" the joint recommendation for concurrent sentencing, the trial court found that concurrent sentences were not warranted because it ignored the seriousness of Stevens' conduct. Sentencing Hrg. Tr. p. 13.

{¶ 20} Upon review of the record, we conclude that the trial court engaged in the correct analysis, made the necessary findings required by R.C. 2929.14(C)(4), and incorporated those findings into its judgment entry. We further conclude that the record contains evidence to support the statutory findings for imposing consecutive sentences. Thus, we are unable to clearly and convincingly find that the record fails to support the trial court's consecutive sentence findings. Accordingly, we overrule Stevens' second assignment of error.

### IV. Conclusion

{¶ 21} Having overruled both assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Paul M. Watkins
Alan D. Gabel
Hon. Jeannine N. Pratt