[Cite as *State v. Bocock*, 2022-Ohio-3344.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO

    Plaintiff-Appellee

v.

DANIEL A. BOCOCK

    Defendant-Appellant

:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 29421

Trial Court Case No. 2021-CR-4217

(Criminal Appeal from
Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of September, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MATTHEW M. SUELLENTROP, Atty. Reg. No. 0089655, 6 North Main Street, Suite 400, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Daniel A. Bocock appeals from his convictions on his guilty pleas for receiving stolen property and having weapons while under disability. He argues that the trial court erred in imposing a sentence of 36 months after inducing his guilty pleas with a promise of community control sanctions, including the MonDay program. The State concedes the error. The trial court's judgment will be reversed, and the matter will be remanded for the trial court either to impose community control sanctions or to allow Bocock to withdraw his guilty pleas.

{¶ 2} On January 6, 2022, Bocock was indicted in Montgomery C.P. No. 2021-CR-4217 on one count of receiving stolen property ($150,000), in violation of R.C.2913.51(A), and one count of having weapons while under disability (prior drug conviction), in violation of R.C. 2923.13(A)(3), both felonies of the third degree.[1] He pled not guilty on January 11, 2022.

{¶ 3} A scheduling conference was held on February 16, 2022, at which substitute counsel stood in for Bobock's attorney of record. At that time, the prosecutor indicated that it was his understanding that Bocock would plead guilty as charged to receiving stolen property and having weapons under disability, with no agreement between the parties as to sentencing. The following exchange then occurred:

THE COURT: * * * [B]efore you make a decision on what you want to do Mr. Bocock, I will tell you that I am inclined to grant your community

---

[1] Bocock's brief lists two case numbers in its caption, Case Nos. 2020-CR-4001 and 2021-CR-4217. His notice of appeal, however, was only filed in Case No. 2021-CR-4217, and we will consider only that case on appeal.

control on the one offense with a - - with a MonDay screen and also that you attend the MonDay program. I would combine that with any pleas in the first case, so I'm basically telling you what I'm going to do ahead of time.

So with that, [Defense Counsel], I'll turn to you. Is that your understanding of what we're going to do?

[DEFENSE COUNSEL]: That was my understanding * * *.

THE COURT: * * * Mr. Bocock, is that what you want to do, is enter a plea of guilty to those two offenses?

THE DEFENDANT: Yes, sir.

{¶ 4} Additionally, the court indicated that it already had a PSI in Case No. 2020-CR-4001, that a PSI was to be prepared in the current case, and that the court needed to know about restitution. The court was prepared to proceed immediately to sentencing, but the State indicated that the victim needed to be notified of the sentencing hearing and asked the court to give the victim the opportunity to speak at sentencing. As such, the court accepted Bocock's plea and set the sentencing for two weeks later. However, the court indicated that, in the meantime, "we can get the MonDay already set up and save some time." The court asked Bobock if that's what he wanted to do, and he answered affirmatively.

{¶ 5} Bocock then entered pleas of guilty to the indicted offenses. Bocock's plea forms were dated February 28, 2022. On the same date, the State filed a sentencing memorandum which requested that the court impose a sentence of 36 months.

{¶ 6} On March 2, 2022, the trial court conducted the sentencing hearing;

Bocock's counsel of record was in attendance. The court sentenced Bocock to 36 months for each offense, without objection.

{¶ 7} Bocock appeals, raising two assignments of error. His first assignment of error is as follows:

THE DEFENDANT-APPELLANT'S GUILTY PLEA(S) ARE VOID AS

THEY WERE INDUCED BY THE TRIAL COURT.

{¶ 8} Bocock asserts that the trial court induced him to plead guilty by promising him community control sanctions, and then it did not impose that sentence. The State concedes that, before Bocock made his decision about entering a plea, the trial court "implicitly promised Bocock that he was going to receive community control sanctions" in exchange for his guilty pleas; thus, Bocock's pleas were not knowingly, intelligently, and voluntarily made. The State further concedes that Bocock's convictions must be reversed, and the matter must be remanded for the trial court to either impose community control sanctions or allow Bocock to withdraw his pleas.

{¶ 9} In *State v. Dehart,* 2018-Ohio-865, 106 N.E.3d 1267 (2d Dist.), we stated:

When a defendant enters a plea in a criminal case, the plea must be

made knowingly, intelligently, and voluntarily." *State v. Barker*, 129 Ohio

St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9. "Crim.R. 11(C) requires

a trial judge to determine whether that criminal defendant is fully informed

of his or her rights and understands the consequences of his or her guilty

plea." *Id.* at ¶ 10. In determining whether Dehart's guilty plea was made

knowingly, intelligently, and voluntarily, we must review the record "to

ensure that Crim.R. 11 was followed by the trial court upon defendant's submission of the guilty plea." *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). * * *

In *State v. Mills*, 2d Dist. Montgomery No. 26619, 2015-Ohio-5385, ¶ 14, we stated the following:

> * * * [A] plea agreement is a contract, and a breach of that contract is governed by contract law. *State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729 (4th Dist.). A breach of that contract entitles the non-breaching party to recision or specific performance. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Layman*, 2d Dist. Montgomery No. 22307, 2008-Ohio-759. A promised sentence is an inducement to plea, and unless given as promised, the plea is not voluntary. *State v. Gilroy*, 195 Ohio App.3d 173, 2011-Ohio-4163, 959 N.E.2d 19 (2d Dist.); *Layman* at ¶ 15, citing *State v. Triplett*, 8th Dist. Cuyahoga No. 69237, 1997 WL 64051 (Feb. 13, 1997); *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882.

*Id.* at ¶ 13-14.

{¶ 10} We concluded in *Dehart* that "the record clearly established that the trial court promised Dehart that he would receive community control sanctions if he pled guilty to two counts of violating a protection order * * *." *Id.* at ¶ 15. Significantly, "no conditions were placed upon Dehart at the time of the plea that could account for the trial

court's decision to disregard its promise of community control." *Id.* As such, we found that "the trial court was obligated to sentence Dehart to community control sanctions or otherwise permit him to withdraw his guilty pleas," and that "the trial court's decision to disregard its promise of community control rendered Dehart's guilty pleas unknowing, unintelligent, and involuntary." *Id.* We reversed and remanded "for either the imposition of community control sanctions or to allow Dehart to withdraw his guilty pleas." *Id.* at ¶ 20.

{¶ 11} The same reasoning applies herein. As the State concedes, the trial court induced Bocock's pleas by telling him, "I am inclined to grant your community control on the one offense * * * with a MonDay screen and also that you attend the MonDay program. * * * I'm basically telling you what I'm going to do ahead of time." As in *DeHart,* no conditions were placed upon Bocock between the plea hearing and sentencing. Accordingly, Bocock's first assignment of error is sustained.

{¶ 12} Bocock's second assignment of error is as follows:

THE APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

{¶ 13} Bocock asserts that he received ineffective assistance by trial counsel's failure to object to the sentence imposed and failure to inquire about a motion to withdraw Bocock's guilty pleas. The State responds that this argument need not be addressed due to the error conceded in the first assignment of error.

**{¶ 14}** Having sustained Bocock's first assignment of error, which is dispositive of this appeal, we agree with the State that analysis of his second assignment of error is not required.

**{¶ 15}** The judgment of the trial court is reversed, and the matter is remanded for the trial court to impose community control sanctions or to allow Bocock to withdraw his guilty pleas.

. . . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Matthew M. Suellentrop
Hon. Dennis J. Adkins